```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                    :
KAMAL K. MARTIN,                    :
                                    :
             Plaintiff,             :   Civ. No. 20-8607 (NLH) (KMW)
                                    :
     v.                             :       OPINION
                                    :
                                    :
RICHARD T. SMITH, et al.,           :
                                    :
             Defendants.            :
_____:
```

APPEARANCE:

Kamal K. Martin
49263
Cumberland County Jail
54 W Broad St.
Bridgeton, NJ 08302

    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Kamal K. Martin, an inmate presently detained at the Cumberland County Jail, New Jersey, seeks to bring this civil action in forma pauperis, without prepayment of fees or security, asserting a claim pursuant to the 42 U.S.C. § 1983. See ECF No. 1.

    According to the account statement provided with the application, Plaintiff's prison account balance is $1268.09. ECF No. 1-1 at 2. His average balance for the past six months was $900. The Court concludes that Plaintiff is able to pay the

filing fee and administrative fee.  His in forma pauperis application is denied.

CONCLUSION

For the reasons set forth above, the motion to proceed in forma pauperis is denied without prejudice.  The Clerk will be directed to reopen the matter once Plaintiff submits the $350 filing fee and $50 administrative fee.[1]  An appropriate Order follows.

Dated:   July 16, 2020              s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).

2